Payte Eaton v. The State.

No. 849. Decided November 30, 1910.

**Adultery—Insufficiency of the Evidence.**

Where, upon trial of adultery, there was no evidence whatever of intercourse, the conviction could not be sustained.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*Odell & Johnson,* for appellant.—On the question of the insufficiency of the evidence: Hilton v. State, 53 S. W. Rep., 113; Kahn v. State, 38 S. W. Rep., 989; Mabry v. State, 54 Texas Crim. Rep., 449, 114 S. W. Rep., 378; Townser v. State, 58 Texas Crim. Rep., 453, 126 S. W. Rep., 572.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted of adultery, and his punishment assessed at a fine of $100.

There are numerous bills of exception contained in the record. In view, however, of the conclusion we have reached in this case it becomes unnecessary to pass upon these bills.

Appellant in the court below filed a motion for new trial alleging that the verdict of the jury was contrary to the law and the evidence; that there was no evidence whatever to support the finding of the jury. The first witness placed upon the stand was Mrs. Luck. She testified she was acquainted with Mrs. Bessie Christian, but did not know the defendant. She said Mrs. Christian lived close to her, and that she used to come to her house to phone, and that on one

occasion Mrs. Christian called up the drugstore and asked for Mr. Eaton. This witness says she put her arms around Mrs. Christian and warned her as to her conduct. That she had heard Mrs. Christian call Mr. Eaton's name. Mrs. Shields testified that some time in November, 1909, she ran a boarding-house, and that Mrs. Christian came there and stayed three or four days, and while there she was sick and spent most of the time in her room in bed. That on one occasion defendant had called there and asked for Mrs. Christian, and that he saw her in the room. Mrs. Christian at the time was sick in bed. Defendant when leaving told the witness that Mrs. Christian was quite sick, and asked if she had had a doctor for her; if not, one should be called. This was in the daytime. George Hurley testified that he knew the defendant and Mrs. Christian; that he had seen them talking together on the streets, and saw them talking together at Ball & Williamson's drugstore. This was in the daytime. That about Christmas he saw defendant one day go into a boarding-house, kept by Miss Crawford, where Mrs. Christian stayed. He saw them together in the front room talking. Howell testified he had seen Mrs. Christian driving in her father's carriage on the road leading to the cemetery, and that he saw defendant get in the carriage and ride with her. This was in the daytime. Darnaby testified that one day he saw Mrs. Christian out walking; that she came to his house, and left going towards her grandmother's place, which was in East Cleburne. That he followed her and saw her stop at Delia Ikard, an old colored woman; that he saw Payte Eaton going in the same direction, but did not know whether he went to the house or not, but after they got past the house he saw them together. This was in the daytime, and they were about thirty-five yards from her grandmother's house. Delia Ikard testified that Mrs. Christian did stop in her house one day out of the rain. The defendant passed but did not come in her house. Cook testified that on the public square he saw defendant and some woman; he did not know who; that they come to the foot of the steps of Huzz's store and he saw defendant kiss and hug her. That he had no idea who the woman was. Mrs. Christian took the stand and testified that while she had been in company of the defendant several times in the daytime, their meetings were always public; that she was a widow, her husband being dead. She denied positively that defendant ever had intercourse with her. Steakley testified he knew the defendant and that he was a married man and his wife still living. Mrs. Darnaby testified that she missed her daughter one night from the room, and got up and struck a match, and saw her daughter sitting on the steps of the adjoining house with the defendant. This is all the testimony in the case.

The information charged that the defendant did have carnal intercourse continuously with Mrs. Christian without living together, Mrs. Christian being a woman and he a married man. We do not

think the evidence supports the finding of the jury, and is wholly insufficient to sustain the verdict. There was no evidence whatever of intercourse.

Because the evidence will not support the verdict the judgment is reversed and the cause is remanded.

*Reversed and remanded.*